UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBTOR(S) NAME: MICHAEL E. JONES : CASE NO: 09-16976
DEBTOR(S) NAME: BUFFIE L. JONES

SECOND AMENDED CHAPTER 13 PLAN (REVISED SEPT. 2009)

DEBTORS ARE ELIGIBLE FOR DISCHARGE UNDER SECTION 1328 (f).

1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION

A. MEDICAN INCOME
CHOOSE ONE (X)

ABOVE MEDIAN INCOME                    X

Current monthly income (CMI) $11649 minus means test expenses (IRS Amounts) =$11520.82= Disposable income (D/I) $128.18

D/I (Line 59 of the means test) $128.18 TIMES 60 = $7690.80.

OR

BELOW MEDIAN INCOME

B. PLAN PAYMENT

The debtor(s) shall pay to the Trustee all projected disposable income in the amount of $3200 each month for approximately 60 months, but not to exceed five (5) years.

If case is determined to be "under 36 months" the Trustee will serve a notice upon debtor and Counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT
CHOOSE ONE: (X)

_____ This is a pot plan.

X             This is a percentage plan. The percentage is 18 %

The liquidation percentage for this plan is 18 % and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greater.
Liquidation percentage per 11 U.S.C. section 1325 (a)(4) (Equity) $16116 divided by (unsecured debt) $132,613 equals (Liquidation plan percentage) 12 %.

D. PAYROLL DEDUCTION
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326(a)(1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee. Employer is JONES THE PLUMBER. Until the payroll order begins, debtor MUST make payments by certified check or money order to P.O. Box 290, Memphis, TN 38101-0290.

Debtor(s) full name, case number and address must be on all certified checks or money orders.

If Debtor(s) are employed, Debtor(s) Counsel has uploaded an order for payroll with the filing of this Chapter 13. Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

2. EFFECTIVE DATE OF PLAN AND VESTING OF PROPERTY OF THE ESTATE
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the debtor(s) upon confirmation of the Plan; provided, however, debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. See Fed.R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distribution as is administratively efficient.

All priority creditors under 11 USC section 507 shall be paid in full in deferred cash payments.

4. ATTORNEY FEES
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of this

Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection, mortgage conduit payments, lease payments or Trustee fees, and then $150.00 every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors. If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

5. ADEQUATE PROTECTION PLAN DISBURSEMENTS

Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 USC section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee. If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor.

The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. JARED | $10 | $500 |
| 2. DELL | $10 | $400 |
| 3. HUNTINGTON NAT'L | $66 | $4447 |
| 4. NISSAN | $277 | $18470 |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

If the Chapter 13 case is not confirmed by the 120th day after the filing of the petition, the Trustee shall pay the reserved payments to the creditors as listed in this paragraph 5. The Trustee is entitled to receive her statutory percentage fee on any pre-confirmation disbursement payments at the time of each payment to creditors and other claimants.

6. SECURED CLAIMS 1325 (a)(5)(B)(ii)

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

7. PMSI/AUTOMOBILE: 910 DAYS
Debtor(s) incurred the following debt on an automobile within 910 days of filing or debtor(s) incurred this debt for a PMSI within one year of filing.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. _____ | | |

8. VALUATION: (CRAMDOWN)

| 11 USC Section 506 | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. JARED | $10 | $500 |
| 2. DELL | $10 | $400 |
| 3. IRS | $1184 | $56859 |
| 4. ROBERT GOERING TREASURER | $75 | $2,700 |
| 5. HUNTINGTON NAT'L (2004 FORD F-350) | $339 | $4447 |
| 6. NISSAN (2006 ARMADA) | $1000 | $18470 |
| 7. AMERICAN HONDA | $200 | $3000 |

See paragraph 30 for details on determination

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 U.S.C. section 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

9. DOMESTIC SUPPORT OBLIGATION: 101(14a); 1325 (a)(8); 1320 (d)(1); 1302(b)(6);

A. CHOOSE ONE

X                    This section is not applicable.

OR

   Debtor(s)_____ is obligated to pay a domestic support obligation.

B.         Debtor will make this payment from a current payroll deduction going directly to this creditor. A portion of this payment goes towards arrearages.

OR

_____The Trustee shall make the current disbursement in the amount of $_____ monthly. The monthly arrearage payment is _____.

The name, address and phone no. of the holder of the domestic support obligation is listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

Provide the name, address and phone no. of the Recipient.

Address: _____

Phone:

10. PLAN DISBURSEMENTS-DEFAULT PAYMENTS "INSIDE THE PLAN"
Debtor(s) propose to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Payment | Amount of Default To Be Cured | Interest Paid (Y/N) |
| --- | --- | --- | --- |

1. _____

2._____

3._____

Arrearage Claim
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s) rights is specified in the Plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to Debtor(s) objections thereto).

11. MORTGAGE CLAIMS
Regular mortgage payment.

If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

Creditor               Monthly Payment          Payment Begin Date

_____
Interest should not be paid on this monthly payment.

12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE
Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

Creditor               Monthly Payment          Payment begin date

GMAC MORTGAGE          $1537                    NOVEMBER 1, 2009

_____

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

13. EXECUTORY CONTRACTS IF APPLICABLE
See Statement of Executory Contract, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|
| | | | |

### 14. POST-PETITION CLAIMS AND/OR ADDITIONAL CREDITORS

Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

### 15. INTEREST RATE

Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of 8%. This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)..

### 16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)

The debtor(s) shall keep the Trustee informed as to any change in the status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The debtor(s) case will not be complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

### 17. TAX RETURNS AND REFUNDS

Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1,600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

### 18. TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

### 19. SALE OF REAL ESTATE AND/OR APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

### 20. CASUALTY LOSS INSURANCE PROCEEDS

All insurance proceeds must be turned over to the Trustee unless the debtor(s) Counsel

files a motion to retain proceeds.

Substitution of Collateral
If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or move to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

21. STUDENT LOANS

CHOOSE ONE

  X            This section is not applicable.

OR

            Student loans will be paid a dividend as listed below. (Interest may only be paid to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10).

Creditor              Percentage Paid            Contractual Rate of Interest


22. SURRENDER OF COLLATERAL

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon the confirmation of the Plan, and stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow in rem disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

23. DISCHARGE - 11 U.S.C. SECTION 1328
CHOOSE ONE

X              Debtors  shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

Debtor _____ SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this Chapter - 11 U.S.C. Section 1328).

Debtor(s) filed this case on _____. Debtor(s) have previously filed a Chapter 7 on _____.

Unless otherwise provided herein, the debtor(s) will not be discharged from debts under 11 U.S.C. Section 1322 (b)(5).

24. AUTOMATIC STAY: Indicate if motion has been filed.
CHOOSE ONE

X               Stay is in effect as to all property of the estate unless this plan indicates otherwise.

_____11 U.S.C. Section 362(c)(4)(B) PRIOR CASES (more than two) PENDING WITHIN ONE YEAR.

_____11 U.S.C. Section 362(c)(3). PRIOR CASE (one) PENDING WITHIN ONE YEAR.

_____11 U.S.C. Section 362(b)(20) in rem relief TWO YEARS after the date of the entry of this order.

25. CO-SIGNERS
Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 U.S.C. Section 1301, and which co-signors, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified. Such creditors may file their claims, including all contractual interest that is due or which will become due during the Plan.

| Creditor | Percentage Paid | Interest Paid (Y/N) |
|---|---|---|

See Schedule H. Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the debtor(s) and any co-signer, co-maker or guarantor.

26. DEFAULT AND WAIVER
Any default of the debtor that is not proposed to be cured in the plan herein is deemed

waived by the confirmation of the plan.

27. MODIFICATION
After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, debtor(s) must file a motion to modify and attach an amended plan.

28 NOTICES
Notice to all parties shall be made by regular mail or electronically.

29. CONFIRMATION
The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s) best effort. All conditions of 11 U.S.C. Section 521 have been fulfilled or the debtor(s) have requested an order from the Court.

30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)
This plan is the standard plan for Cincinnati. If you use it, any deviation there from should be noted in this Paragraph 30. Additional provisions may also be included here.

SETTLEMENT PROPOSAL REGARDING 2008 HONDA DIRT BIKE – PER PARAGRAPH 8, ABOVE

UNSECURED CREDITORS: NOTE – THIS PARAGRAPH DESCRIBES A COMPROMISE OF A POSSIBLE ADVERSARY TO AVOID A SECURED CREDITOR'S LIEN

THIS PLAN PROVISION IS PROPOSED WITH THE COOPERATION OF THE TRUSTEE AND THE CREDITOR, AMERICAN HONDA, AND SERVED IN LIEU OF A FORMAL BK. RULE 9019 MOTION. ALL CREDITORS NOT IN AGREEMENT WITH THIS PROPOSAL AND/OR ITS EFFECT UPON ANY CREDITOR OTHER THAN AMERICAN HONDA SHOULD OBJECT TO THE CONFIRMATION OF THE PLAN WITHIN TWENTY-ONE (21) DAYS OF SERVICE.

The Trustee, debtors and American Honda are in agreement that there exists a colorable claim for avoidance of any lien assert by American Honda against debtors' 2008 Honda dirt bike; they further agree that colorable defenses exist to such a claim for lien avoidance.

The parties further agree that should the Trustee be successful in an avoidance action, the valuation of the dirt bike would raise the debtors' liquidation calculation under 11 U.S.C. Section 1324(a)(4) to no higher than 23% of the maximum unsecured claims who could share distribution in a hypothetical Chapter 7 proceeding.

The parties further agree that debtors originally proposed paying $5528 to the creditor as its estimated full claim as secured.

As a settlement of the potential adversary, the debtors agree with the Trustee and American Honda that American Honda may assert a secured claim of $3000.00, as reflected in paragraph 8, above. The parties further agree that the Plan percentage proposed herein, 18%, per paragraph 1(B) above, reflects the balance of that secured claim, $2558, being applied as net equity to the unsecured class (along with other property of the estate included the liquidation analysis).

An order separate from the Confirmation Order shall be entered to bind debtors American Honda and the Chapter 13 Trustee to these terms; terms will be final as to all other parties upon confirmation of the plan.

Respectfully submitted,

/s/ Stephen M. Meiser
_____
Stephen M. Meiser (0037244)
5598 Glenway Avenue, Ste. 1
Cincinnati, OH 45238
(513) 921-5297
smeiser1@fuse.net

I declare under penalty of perjury that the information in this plan is true and correct.

Date: 2/15/10　　　　　　　　　　　　　　/s/ Michael E. Jones

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Debtor
　　　　　　　　　　　　　　　　　　　　/s/  Buffie L. Jones

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Debtor

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic or ordinary mail on this 15th day of February, 2010 to the undersigned parties.

　　　　　　　　　　　　　　　　　　　　/s/ Stephen M. Meiser
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Stephen M. Meiser (0037244)


Chapter 13 Trustee Margaret Burks
600 Vine Street, Suite 2200
Cincinnati, OH 45202
Cincinnati@cinn13.org

U.S. Trustee
36 East Seventh Street, Suite 2030
Cincinnati, OH 45202
Ustpregio09.ci.ecf@usdoj

American Honda Finance Corporation
P.O. Box 105027
Atlanta, GA 30348-5027

Dell Preferred Account
P.O. Box 6403
Carol Stream, IL 60197-6403

GE Money Bank
P.O. Box 960061
Orlando, FL 32896-0061

GMAC Mortgage
P.O. Box 9001719
Louisville, KY 40290-1719

Huntington National Bank
P.O. Box 182519
Columbus, OH 43218-2519

Jared Galleria of Jewelry
P.O. Box 740425
Cincinnati, OH 45274-0425

Nissan Motor Acceptance Corporation
P.O. Box 9001132
Louisville, KY 40290-1132

Robert A. Goering Treasurer
138 E. Court Street
Cincinnati, OH 45202

Internal Revenue Service
P.O. Box 21125
Philadelphia, PA 19114

Internal Revenue Service
P.O. Box 804527
Cincinnati, OH 45280-4527

State of Ohio Department of Taxation
Attorney General of Ohio
150 E. Gay Street, 21st floor
Columbus, OH 43215

Alexandria Vaneck Co. lPA/Mercy
Franciscan Hospital Mt. Airy
5660 Southwyck Blvd #110
Toledo, OH 43614-1597

AMCA
P.O. Box 1235
Elmsford, NY 10523-0935

Bank of America
P.O. Box 15019
Wilmington, DE 19886-5019

Capital One Bank (USA), N.A.
P.O. box 6492
Carol Stream, IL 60197-6492

Chase/Cardmember Service
P.O. Box 15153
Wilmington, DE 19886-5153

Citifinancial Retail Services
P.O. Box 183041
Columbus, OH 43218-3041

Dillards
P.O. Box 960012
Orlando, FL 32896-0012

Emergency Specialists Inc.
c/o FFCC-Columbus, Inc.
P.O. Box 20790
Columbus, OH 43220

Home Depot Credit Services
Processing Center
Des Moines, IA 50364-0500

HSBC Card Services
P.O. Box 4155
Carol Stream, IL 60197-4155

HSBC Retail Services
P.O. Box 5238
Carol Stream, IL 60197-5238

Internist of Fairfield
c/o CCS Check Processing Center 27
P.O. Box 55126
Boston, MA 02205-5126

JC Penney
P.O. Box 960090
Orlando, FL 32896-0090

Mercy Franciscan Hospital Mt. Airy
c/o UCB Collections
5620 Southwyck Blvd.
Toledo, OH 43614-1501

Mercy Health Partners
P.O. Box 630804
Cincinnati, OH 45263-0804

Mercy Health Partners
P.O. Box 951374
Cleveland, OH 44193-0011

Mercy Health Partners
c/o PARC
P.O. Box 1810
Warren, MI 48090-1810

Mercy Hospital Mt. Airy
P.O. Box 89465
Cleveland, OH 44101-6465

Mercy Hospital Mt. Airy
c/o CBCS
P.O. Box 163250
Columbus, OH 43216-3250

Mercy Hospital Western Hills
c/o Premium Asset Recovery Corp.
350 Jim Moran Blvd, Suite 210
Deerfield Beach, FL 33442

Mt. Airy Medical Imaging
P.O. box 42454
Cincinnati, OH 45242

Qualified Emergency Specialist
1472 Solutions Center
Chicago, IL 60677-1004

Queen City Anesthesiologists, Inc.
P.O. Box 635606
Cincinnati, OH 45263-5606

Queen City Vascular Surgeons
Group, LLC
2450 Kipling Avenue, Suite G-03
Cincinnati, OH 45239

Quest Diagnostics Inc.
P.O. Box 41652
Philadelphia, PA 19101-1652

Sams Club

P.O. box 530942
Atlanta, GA 30353-0942

Senex Funding LLC
1574 Momentum Place
Chicago, IL 60689-5315

Target National Bank
P.O. Box 59317
Minneapolis, MN 55459-0317

Wells Fargo Financial Cards
P.O. Box 98791
Las Vegas, NV 89193-8791

WFNNB-Victorias Secret
P.O. Box 659728
San Antonio, TX 78265-9728

Wood and Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491